IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEREMY DAVID SPIELBAUER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:22-CV-164-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Jeremy David Spielbauer. For the following reasons, Petitioner's habeas application should be DENIED.

**I. PROCEDURAL HISTORY**

Petitioner is serving a sentence of life in prison pursuant to his conviction under Case No. 26626C in the 251st District Court, Randall County, Texas, for the lesser included offense of murder in the first degree. (ECF 9-29 at 59). He appealed, and his conviction was initially overturned. *Spielbauer v. State*, 597 S.W.3d 516 (Tex. App.—Amarillo 2020). The Texas Court of Criminal Appeals (TCCA) granted the State's petition for discretionary review and reversed. *Spielbauer*, 622 S.W.3d 314 (Tex. Crim. App. 2021). On remand, the appellate court affirmed the trial court's judgment. *Spielbauer*, 634 S.W.3d 962 (Tex. App.—Amarillo 2021).

On March 28, 2022, Petitioner filed his state application for writ of habeas corpus.[1] (ECF

---

[1] The mailbox rule does not apply because Petitioner used an intermediary to present the application on his behalf. *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994).

9-29 at 13). On June 8, 2022, the TCCA denied the application without written order. (ECF 9-30).

Petitioner timely filed his federal habeas application.

## II. PETITIONER'S ALLEGATIONS AND PERTINENT FACTS

Petitioner sets forth two grounds in support of his application:

1. The trial court abused its discretion in denying challenges for cause to venire members Terry Freethy and Joseph Havlik.

2. Petitioner was denied effective assistance of counsel because attorneys he retained before he was charged with a crime allowed him to submit to interviews with investigators under the auspices of a "use immunity agreement" without any understanding of the evidence possessed by the investigators.

(ECF 5 at 6[2]).

With regard to the first ground, venire members summoned for Petitioner's trial were required to answer a questionnaire, which asked, among other things, whether they had heard about Petitioner's case and whether they had formed an opinion about his guilt or innocence. Six members answered the questions affirmatively and the trial court questioned them individually about their answers. Four of the six were excused for cause, but the trial court denied the request to excuse Freethy and Havlik for cause. Petitioner was forced to use peremptory challenges to strike them from the jury. On appeal, Petitioner urged that the trial court had abused its discretion in denying his challenges for cause as to Freethy and Havlik. The appellate court agreed, determining that the affirmative answers to the questionnaire mandated discharge without further interrogation. *Spielbauer*, 597 S.W.3d 516. On petition for discretionary review, the TCCA determined that further questioning of the venire members was proper because the questionnaires

---

[2] The page number references are to "Page ___ of 11" assigned by the Court's electronic filing system and shown at the top right portion of the document.

were answered before *voir dire* began and the answers would not by themselves support a challenge for cause. *Spielbauer,* 622 S.W.3d 314.

The facts pertinent to the second ground are set forth in the appellate court's opinion on remand. *Spielbauer*, 634 S.W.3d at 964–65. Briefly, Petitioner's first wife, Robin, with whom he was then having an affair, was murdered, and Petitioner's second wife, Katie, with whom he had been having an affair during his marriage to Robin, was initially suspected. Beginning the day after the murder, the local sheriff's office began an investigation. After his first interview with the sheriff's office, Petitioner retained two attorneys, Dennis Boren and Len Walker, to assist him in entering into a "Use Immunity Agreement," pursuant to which Petitioner agreed to provide "truthful, accurate, and complete information about the death of Robin." If he did so, the information would not be used against him in any prosecution. After entering into the agreement, Petitioner was interviewed twice more. He was not considered a suspect until more than a year after the murder; he was not charged and arrested until more than two years after being first interviewed. On appeal, Petitioner urged that Boren and Walker had provided ineffective assistance of counsel. The appellate court determined that the alleged ineffective assistance had occurred at a time when Petitioner had no Sixth Amendment right to counsel, much less the right to effective representation, and overruled his complaints. *Id.* at 966–67.

### III. <u>STANDARDS OF REVIEW</u>

**A.     Section 2254**

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme

     Court of the United States; or
(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the TCCA denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

  In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B.  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. <u>ANALYSIS</u>

In his first ground, Petitioner contends that the trial court abused its discretion in denying challenges for cause against Freethy and Havlik. A claim that the trial court made an evidentiary error under state law does not justify federal habeas corpus relief, however, "unless it is of such magnitude as to constitute a denial of fundamental fairness under the due process clause." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). Federal courts are limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). They do not function to review a state's interpretation of its own laws. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983). Here, Petitioner has not made any attempt to show that the Constitution, laws, or treaties of the United States were violated. As Respondent notes, in the state court appeal Petitioner only argued that the trial court's denial of his challenges for cause violated the Texas Code of Criminal Procedure. (ECF 15 at 14–15). And, although he mentioned "his 6th amendment right to an impartial jury" in his state habeas application (ECF 9-29 at 9–10), Petitioner's application was denied. He has made no attempt to show that the denial was in conflict with, or an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the record. 28 U.S.C. § 2254(d). Petitioner has not shown that his jury was not impartial; thus, the fact that he had to use peremptory strikes to achieve that result does not mean that the Sixth Amendment was violated. *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988).

In his second ground, Petitioner urges that he received ineffective assistance of counsel "during the course of the investigation" when his former attorneys allowed him to be interviewed

"without any understanding of the evidence possessed by the investigators." (ECF 5 at 6). He gives no further explanation of what he is contending. His conclusory allegations are insufficient to raise a ground for relief. *Miller*, 200 F.3d at 282.

As noted, the Court of Criminal Appeals denied the state habeas application raising this ground. (ECF 9-30). The last reasoned opinion[3] was that of the appellate court, including the following discussion:

> The Fifth and Sixth Amendments of the United States Constitution protect different interests. The Fifth Amendment provides a privilege against self-incrimination to a suspect who is in custody and the privilege is triggered once that suspect has been given his *Miranda* warning. *Pecina v. State*, 361 S.W.3d 68, 74–75 (Tex. Crim. App. 2012) (citing *Miranda v. Arizona*, 384 U.S. 436, 441, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)). The Sixth Amendment right to trial counsel attaches once the "adversary judicial process has been initiated." *Pecina*, 361 S.W.3d at 76 (citing *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S. Ct. 2079, 173 L. Ed. 2d 955 (2009)). The Sixth Amendment right guarantees a defendant the right to counsel at all "critical" stages of a criminal proceeding. *Montejo*, 556 U.S. at 786, 129 S. Ct. 2079. "[C]ritical stages include arraignments, post-indictment interrogations, post-indictment lineups, and the entry of a guilty plea." *Missouri v. Frye*, 566 U.S. 134, 140, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) (note the United States Supreme Court did not specifically include *pre-indictment* interviews or interrogations). Moreover, the Sixth amendment right to counsel is offense specific and attaches only to an offense for which a prosecution has been initiated. *Texas v. Cobb*, 532 U.S. 162, 167–68, 121 S. Ct. 1335, 149 L. Ed. 2d 321 (2001); *Rubalcado v. State*, 424 S.W.3d 560, 570 (Tex. Crim. App. 2014).
>
> Generally, in Texas, the right to trial counsel is triggered by judicial arraignment or by being taken before a magistrate as described in article 15.17 of the Texas Code of Criminal Procedure. [] Magistration marks the initiation of adversary judicial proceedings and "plainly signals" the attachment of a defendant's right to trial counsel. *Pecina*, 361 S.W.3d at 77 (citation omitted). An uncharged suspect may invoke his Fifth Amendment right to counsel at any stage in a criminal proceeding, including pre-indictment. *Id.* at 78. A defendant who has been arraigned, however, may invoke his Sixth Amendment right to counsel for purposes of custodial interrogation after his *Miranda* warnings have been administered. *Id.*
>
> Here, Appellant, with counsel present, was interviewed by Sergeant Mongold as a witness in the investigation into Robin's murder. He was not considered a suspect until more than a year after the murder when Katie was cleared of the charges

---

[3] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

> against her. Furthermore, he was not charged and arrested until April 16, 2016, more than two years after being interviewed by Sergeant Mongold.
>
> Regardless of his status as a witness to the investigation, Appellant retained counsel to negotiate a *Use Immunity Agreement*. At that time, no adversary judicial process or prosecution against him had been initiated and thus, the constitutional right to counsel had not yet attached. Ergo, he had no constitutionally protected right to the effective assistance of counsel.
>
> . . .
>
> We conclude the complaints raised by Appellant that he characterizes as being "ineffective assistance" occurred at a time when he had no Sixth Amendment right to counsel, much less the right to effective representation.

634 S.W.3d at 966–67 (citation omitted). Petitioner fails to address the analysis. In any event, even if Petitioner had shown that he had a right to counsel, he has not shown that he received ineffective assistance at any time.

## V. RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of habeas corpus filed by Petitioner, Jeremy David Spielbauer, be DENIED.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 10, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).